IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL W. NEALE, ) | |
| ) | |
| Plaintiff, ) | No. 2:06-0070 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Bryant |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is a Motion to Dismiss (Doc. No. 10) filed by Defendant ("Defendant" or "Commissioner"), to which Plaintiff Michael W. Neale ("Plaintiff" or "Neale") filed a Response in Opposition (Doc. No. 15). Magistrate Judge Bryant ("Magistrate Judge") issued a Report and Recommendation ("Report") (Doc. No. 26), recommending to this Court that Defendant's Motion to Dismiss be denied and that the case be remanded to the Social Security Agency ("the Agency") with directions to hold a hearing on the merits of Plaintiff's disability claim. The Commissioner timely filed Objections to the Report ("Objections") (Doc. No. 29), and Plaintiff thereafter filed a Response to Defendant's Objections (Doc. No. 30). For the reasons discussed herein, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Defendant's Motion to Dismiss.

1

## I. BACKGROUND

### A. Factual Background [1]

Plaintiff filed an application for disability insurance benefits in 2004 with the help of Advantage 2000, an organization of non-attorneys authorized to represent disability claimants at the agency level. Plaintiff's claim was denied initially, and Advantage 2000 filed a request for reconsideration on his behalf. This request for reconsideration was denied in a letter dated August 15, 2005. The same letter also gave notice of Plaintiff's right to request a hearing before an Administrative Law Judge ("ALJ") within 60 days of his receipt of the notice.

Plaintiff avers that he did not personally receive a copy of the letter denying his request for reconsideration, but rather that Advantage 2000 notified him of this development and furthermore informed him that it would file a request for a hearing on his behalf. Some time later, Plaintiff learned that Advantage 2000 unilaterally decided to terminate its representation. Plaintiff then retained his current counsel of record in December 2005 to continue the pursuit of his disability benefits. While checking the status of Plaintiff's case, Plaintiff's counsel discovered that the request for a hearing was never filed. Plaintiff then filed his request for an ALJ hearing on January 5, 2005, some 72 days past the expiration of the allotted 60-day period.

On March 29, 2006, the ALJ dismissed Plaintiff's hearing request, finding no good cause to extend the deadline as provided under 20 C.F.R. § 404.933(c).[2] Plaintiff requested review of the decision by the Appeals Counsel, which was denied on June 28, 2006.

---

[1] Unless otherwise noted, the facts discussed in this section are undisputed and taken from the Magistrate Judge's Report. (Doc. No. 26).

[2] Section 404.933(c) provides claimants with an extension of time to request a hearing, but requires that the claimant show good cause for missing the deadline. 20 C.F.R. 404.933(c) see also 20 C.F.R. § 404.911 (discussing the good cause determination).

2

## B. Procedural Background

Plaintiff filed this civil action for review of the Commissioner's adverse decision on August 28, 2006, asserting jurisdiction pursuant to 42 U.S.C. § 405(g).[3] (Doc. No. 1). On November 29, 2006, Defendant filed the instant Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g), as Plaintiff did not administratively exhaust his remedies by obtaining a "final decision" as required under the statute. (Doc. No. 10). In his pleadings and Response to Defendant's Motion, Plaintiff raises three (3) arguments. First, Plaintiff alleges in his Amended Complaint that he exhausted administrative remedies, because the ALJ's decision to deny his January 2006 request for a hearing was upheld by the Appeals Council, and can be construed as the final decision of the Commissioner for purposes of judicial review, thereby giving this Court jurisdiction under § 405(g). (Doc. No. 14). Second, Plaintiff argues in his Response to Defendant's Motion to Dismiss that because he did not personally learn that his claim had been denied at the administrative level until December 2005 upon investigation by his new counsel, his January 5, 2006 request for an ALJ hearing was timely filed under the restrictions of 20 C.F.R. § 404.933(b)(1). (Doc. No. 15). Third, Plaintiff asserts in the alternative that while the Court may not have jurisdiction under 42 U.S.C. § 405(g), the Court does have jurisdiction over constitutional claims, such as the claim in this case, where the dismissal of a hearing request would deny Plaintiff his right to due process. (Id.).

The Magistrate Judge's Report rejected Plaintiff's first two (2) arguments, noting that both grounds were contrary to and unsupported by law. (Doc. No. 26). With regard to Plaintiff's

---

[3] Section 405(g), entitled "Judicial review," states in relevant part that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States . . . ." 42 U.S.C. § 405(g).

3

constitutional argument, however, the Magistrate Judge noted that an exception to § 405(g) subject matter jurisdiction exists such that even if the Agency's decision is not final, it may nevertheless be subject to judicial review if it implicates constitutional concerns. (Id.). The Magistrate Judge went on to describe Plaintiff's claim of a due process violation as follows:

> that Advantage 2000 was properly appointed by the agency to be his representative prior to the reconsideration of his claim to benefits; that as his representative, Advantage 2000 had filed the request for reconsideration on his behalf; that the Advantage 2000 representative later phoned him to advise of the reconsidered decision denying his claim, and to inform him that she would file a hearing request on his behalf; and that, after failing to make any such filing, Advantage 2000 unilaterally withdrew from representation well after the deadline for requesting a hearing had passed.

(Id.). Based on these allegations, the Magistrate Judge found that Plaintiff had met his burden and proved sufficient facts to support the existence of subject matter jurisdiction. Accordingly, after concluding that subject matter jurisdiction exists, the Magistrate Judge recommended that Defendant's Motion to Dismiss be denied and that this Court also remand the case for a hearing on the merits of Plaintiff's disability claim. (Id.).

Defendant timely filed an Objection to the Magistrate Judge's Report, asserting that Sixth Circuit law does not support the Magistrate Judge's conclusion, and alternatively, if the Court found that subject matter jurisdiction exists, that the appropriate remedy should be a remand to the Agency solely to determine whether Plaintiff's allegations of representative misconduct have merit. (Doc. No. 29). Plaintiff's Response to Defendant's Objections asserts that the Magistrate Judge's conclusions are correct. The merits of the parties' arguments are addressed below. (Doc. No. 30).

4

## II. DISCUSSION

Defendant argues in the Objections that in concluding that subject matter jurisdiction exists in the instant matter, the Magistrate Judge failed to address Hilmes v. Secretary of Health and Human Services, 983 F.2d 67 (6th Cir. 1993), which Defendant believes should control here. (Doc. No. 29). In Hilmes, the Sixth Circuit noted that, absent a constitutional challenge, the district court had no jurisdiction to review the dismissal request with respect to whether good cause for an extension of time existed. Thus, after concluding that the ALJ's finding of no good cause for an untimely hearing request did not constitute a "final decision" subject to judicial review under § 405(g), and that the claimant did not successfully create a constitutional challenge, the Sixth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction. Hilmes, 983 F.2d at 70.

The Court finds Defendant's reliance on Hilmes to be misplaced. Hilmes clearly delineates two (2) paths for claimants to establish subject matter jurisdiction in federal court – the more typical means of obtaining a "final decision" by the Commissioner as provided under § 405(g), or a constitutional exception where the claimant asserts that a non-final decision by the Commissioner was in violation of his constitutional rights. 983 F.2d at 70. As Plaintiff has not challenged the Magistrate Judge's finding that there is no jurisdiction under § 405(g) in this case, that issue is not before this Court. See Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). However, in analyzing Plaintiff's constitutional claim, the Magistrate Judge clearly addressed Hilmes, noting that the case recognized the "well-established exception" to the final decision rule under § 405(g) that gives district courts subject matter jurisdiction where a constitutional challenge is present. (Doc. No. 26 at 8-9); see also Hilmes, 983 F.2d at 70. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore,

5

access to the courts is essential to the decision of such questions." Hilmes, 983 F.2d at 70 (quoting Califano v. Sanders, 430 U.S. 99, 109 (1977)).

Apart from stating this basic premise, the Court finds that Hilmes does not control. Indeed, the grounds for rejecting the claimant's constitutional claim in Hilmes are not present in the instant case. In Hilmes, the claimant attempted to create a constitutional claim by pointing to a procedural flaw committed by the district court, arguing that the court failed to engage in a full and fair review. The Sixth Circuit held that the constitutional challenge exception envisions challenges based on errors committed by the Commissioner's decision-making process, not the courts, therefore the claimant's challenge was aimed at the incorrect entity. Id. Furthermore, the Hilmes Court also noted that even if the claimant had properly aimed his constitutional claim at the Commissioner, his claim would fail on the facts, as the claimant never explained why he had good cause, but only submitted the conclusory statement that good cause was met. Id. Here, Plaintiff challenges the ALJ's decision to deny his ability to have a hearing, correctly aiming his constitutional claim at the Commissioner, "as the exception envisions." Id. Moreover, Plaintiff has submitted detailed facts and pleadings as to why good cause is present in his case.

Upon review, the Court finds the Magistrate Judge's conclusion – that Plaintiff has raised a colorable constitutional claim and that subject matter jurisdiction exists – to be well-founded and correct; the Commissioner's rejection of Plaintiff's good cause showing deprived him of his right to due process, and therefore Plaintiff has met his burden of proving subject matter jurisdiction under the constitutional claim exception. See Madison-Hughes v. Shalala, 80 F.3d 1121, 1130 (6th Cir. 1996); see also Hilmes, 983 F.2d at 70.

Having concluded that subject matter jurisdiction exists, the Court turns to the issue of determining an appropriate remedy. The Magistrate Judge's Recommendation suggests that the

6

Court find good cause for Plaintiff's delay in requesting a hearing before the ALJ, and remand the case for a hearing on the merits of Plaintiff's disability claim. (Doc. No. 26 at 10-11). Defendant asserts in the Objections that the appropriate remedy should be a remand to determine whether Plaintiff's allegations of representative misconduct have any merit. (Doc. No. 29). Defendant, however, provides no authority to support this remedy.

The Court finds particularly compelling that the Agency's promulgated regulations and other materials available to claimants repeatedly emphasize the benefits of having representation and convey a claimant's ability to rely on such representation. See, e.g., 20 C.F.R. §§ 404.1715(b), 404.1740(c), 405.1(c)(2). Plaintiff, moreover, has provided ample exhibits and testimony to establish a reasonable explanation for the delayed request for a hearing – a delay that was through no apparent fault of his own. Given these factors, it is clear that Plaintiff meets the good cause standard and is entitled to a hearing on the merits of his disability claims. To remand for the purpose of determining good cause would only cause delay and would not be in the interests of justice.

### III. CONCLUSION

The Court hereby **ADOPTS** the Magistrate Judge's Report (Doc. No. 26) in its entirety. Having concluded that subject matter jurisdiction exists, Defendant's Motion (Doc. No. 10) is **DENIED**. Plaintiff, furthermore, has established good cause for his delay in requesting a hearing before the ALJ. The Court, therefore, **REMANDS** the matter to the agency for purposes of holding an ALJ hearing on the merits of Plaintiff's disability claim.

It is so ORDERED.

Entered this the ____8____ day of September, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT